**Charles E. PEARCE, M.D., Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION, Respondent.**

**No. 87–4117.**

United States Court of Appeals, Sixth Circuit.

Jan. 12, 1988.

Frank E. Haddad, Jr., Ronald P. Hillerich, Louisville, Ky., for petitioner.

John C. Lawn, Drug Enforcement Admin., Washington, D.C., Marsha Jones, Drug Enforcement Admin., Louisville, Ky., Dianne L. Martin, Hearing Clerk, Charlotte J. Mapes, Drug Enforcement Admin., Office of Chief Counsel, Margaret A. Grove, U.S. Dept. of Justice, Narcotic & Dangerous Drug Section, Crim. Div., Washington, D.C., for respondent.

Before MERRITT, KENNEDY and KRUPANSKY, Circuit Judges.

PER CURIAM:

Petitioner Pearce, a physician, moves to stay an order which revoked his certificate of registration effective January 4, 1988 and denied a pending application for renewal. Without a certificate, he cannot prescribe or dispense drugs regulated by the Controlled Substances Act. The government responded in opposition to the stay.

In 1982, as a result of an investigation by the Commonwealth of Kentucky into his prescribing practices, Pearce was indicted by a federal grand jury on 41 counts of illegal distribution of controlled substances and one count of making false statements and representations of material fact. On January 5, 1985, Pearce entered a nolo contendere plea to one count of illegal distribution of a Schedule III controlled substance. On February 25, 1985, the United States District Court for the Western District of Kentucky found Pearce guilty of unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (1982).

The Drug Enforcement Administration subsequently initiated proceedings to revoke Pearce's certificate of registration, which culminated in the order of December 2, 1987 raised on review. The administrator of the Drug Enforcement Administration denied Pearce's motion for a stay pending appellate review, finding that his motion met none of the traditional criteria. On December 31, 1987, a stay was denied temporarily, pending expedited review by a panel of the Court. We have examined Pearce's arguments and conclude that he is not entitled to a stay.

■ Even if we accept Pearce's argument that, as a doctor, he is irreparably harmed because he cannot prescribe or dispense controlled substances, he does not demonstrate a serious question going to the merits of his appeal, much less a substantial likelihood of success, necessary to be entitled to a stay of the administrator's order. *See State of Ohio ex rel. Cele-*brezze *v. Nuclear Regulatory Comm'n,* 812 F.2d 288 (6th Cir.1987).

■ The Controlled Substances Act, 21 U.S.C. § 824(a)(2), permits the Attorney General to suspend or revoke a certificate of registration if the registrant has been convicted of a felony or other state or federal law relating to a controlled substance. In moving for a stay, Pearce contends that he will prevail on appeal because his nolo plea was used in the administrative proceedings in violation of Fed.R.Evid. Rule 410. His only support is the language in the rule itself.

> "Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions: ... (2) a plea of nolo contendere; ..."

Notwithstanding Rule 410, a conviction pursuant to a nolo contendere plea is a conviction within the meaning of the statute and gives rise to a variety of collateral consequences in subsequent proceedings. *Noell v. Bensinger,* 586 F.2d 554, 556–67 (5th Cir.1978); *Sokoloff v. Saxbe,* 501 F.2d 571, 574–75 (2d Cir.1974).

> "Had Congress meant that the Administrator may revoke a registration only upon a finding that the registrant had been convicted in a contested proceedings or upon a plea of guilty it would have been a simple matter to have inserted the qualifying phrase. This it did not do. We hold that [respondent's] conviction was a conviction within the meaning of the statute."

*Noell v. Bensinger,* 586 F.2d at 577. *Accord, Munnelly v. United States Postal Service,* 805 F.2d 295 (8th Cir.1986) (Postal Service properly relied upon a nolo contendere plea to discharge a postmaster for financial misconduct). Accordingly,

It is ORDERED that the motion for a stay pending review is denied.