**UNITED STATES of America**

v.

**Alfonso HOLDER, Appellant.**

**No. 08–4418.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 22, 2009.

Filed: Oct. 14, 2009.

Jason Bologna, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Robert Epstein, Esq., Maranna J. Meehan, Esq., Elizabeth Toplin, Esq., Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

A jury convicted Alfonso Holder of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 235 months of imprisonment, followed by five years of

supervised release. On appeal, Holder challenges the District Court's comments to defense counsel and its discretion in questioning a Government witness, and thereby his judgment of conviction. Holder also takes exception to the District Court's consideration of his prior arrests at sentencing and the application of a sentencing enhancement based on his prior convictions. For the reasons set forth below, we will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

The circumstances giving rise to Holder's conviction began when two police officers, Officer Harris and Officer Pitt, confronted Holder on the street from their unmarked police car. Officer Harris called out to Holder, who responded and approached the vehicle. As Holder did so, both officers noticed a bulge on his side that appeared to be the handle of a gun. Officer Pitt then began to exit the vehicle, and Holder took off running. Both officers pursued. When Holder darted into a home, Officer Harris followed, while Officer Pitt ran to the rear of the property to prevent Holder's escape. Once inside the house, Officer Harris saw defendant toss a handgun onto a pile of clothing. After subduing and securing Holder, the officers discovered a loaded .40 caliber semiautomatic pistol with an obliterated serial number on top of the pile of clothing. Thereafter, the police incorrectly described the gun as a 9mm on the property receipt. Holder was subsequently charged as being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

The case proceeded to trial in the United States District Court for the Eastern District of Pennsylvania. During defense counsel's cross examination of Officer Pitt regarding the mistaken identification of the firearm, the trial judge commented to defense counsel, "I think you're confusing what it is that caused the problem here." Thereafter, in the course of defense counsel's re-cross examination, the trial judge asked Officer Pitt a short series of questions regarding the incorrect description of the .40 caliber gun. Ultimately, a jury found Holder guilty of the charge.

The Probation Officer who prepared the defendant's advisory guideline range determined that Holder was an armed career criminal with a total offense level of 33 and a criminal history category of VI. Accordingly, Holder was subject to an enhanced sentence ranging from 235 to 293 months of imprisonment. After considering the nature of the offense and Holder's prior convictions, the District Court sentenced Holder to 235 months of imprisonment with no monetary fine. Holder filed a timely appeal.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction to review the District Court's judgment of conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Our review of a district court's questioning of a witness under Federal Rule of Evidence 614(b) is generally for abuse of discretion. *United States v. Adedoyin,* 369 F.3d 337, 342 (3d Cir.2004). However, if a defendant fails to object in the trial court, we review for plain error. *United States v. Berry,* 553 F.3d 273, 279 (3d Cir.2009). We also review a district court's sentencing decisions for reasonableness under an abuse-of-discretion standard. *United States v. Wise,* 515 F.3d 207, 217 (3d Cir. 2008). Finally, we exercise plenary review over Holder's purely legal question regarding the continuing validity of the Su-

preme Court case *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *United States v. Williams,* 235 F.3d 858, 861 (3d Cir.2000).

## III.

On appeal, Holder raises three challenges to his judgment of conviction and sentence. First, he argues that the District Court abused its discretion by making a prejudicial comment and by leading a Government witness during questioning in a manner consistent with an advocate. Second, Holder contends that the District Court violated his due process rights by considering his prior arrests at sentencing. Lastly, he argues that the District Court improperly subjected his sentence to a statutory increase based on his prior convictions. We will address each contention in turn.

## A.

Holder asserts that the District Court abused its discretion and deprived him of his constitutional right to a fair trial by making a prejudicial statement and by assuming the role of an advocate when participating in the questioning of a Government witness. The Government responds that the challenged conduct was proper and did not exceed the scope of Federal Rule of Evidence 614(b), which provides that "[t]he court may interrogate witnesses, whether called by itself or by a party." Fed.R.Evid. 614(b).

This Circuit has long held that a "trial judge is not forbidden from participating in the conduct of a trial." *United States v. Wilensky,* 757 F.2d 594, 597 (3d Cir.1985). However, "a judge must not 'abandon his proper role and assume that of an advocate ....'" *United States v. Beaty,* 722 F.2d 1090, 1093 (3d Cir.1983) (quoting *United States v. Green,* 544 F.2d 138, 147 (3d Cir.1976)). It is imperative that a "judge's participation [ ] never reach the

point where 'it appears clear to the jury that the court believes the accused is guilty.'" *United States v. Nobel,* 696 F.2d 231, 237 (3d Cir.1982) (quoting *United States v. Robinson,* 635 F.2d 981, 984 (2d Cir.1980)). In short, our task is to determine whether the trial judge's conduct was so prejudicial that it deprived Holder "of a fair, as opposed to a perfect, trial." *Beaty,* 722 F.2d at 1093. In doing so, we keep in mind that "errors that have 'little, if any, likelihood of having changed the result of the trial' are deemed harmless." *Wilensky,* 757 F.2d at 598 (quoting *Chapman v. California,* 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).

Holder's first complaint stems from the trial judge's comment to defense counsel, "I think you're confusing what it is that caused the problem here," during defense counsel's cross-examination of Officer Pitt regarding the mistaken identification of the firearm. Holder contends that this remark imposed upon the jury the judge's view of the evidence and his negative view of Holder's defense. Since trial counsel never lodged a contemporaneous objection to the interruption, we review this particular complaint under the plain error standard. *See Nobel,* 696 F.2d at 237. Therefore, the viability of this argument depends on whether the error is "'grievous', or 'so fundamental in nature as to deprive a party of fundamental justice', or otherwise constitut[e] a 'manifest miscarriage of justice.'" *Id.* (quoting *United States v. Schreiber,* 599 F.2d 534, 535 (3d Cir.1979)). Here, an examination of the record shows that no plain error was committed; the judge's brief comment to defense counsel was not so prejudicial as to deprive Holder of a fair trial. To the contrary, defense counsel was immediately permitted to proceed with her examination of the officer.

■ Holder also claims that the trial judge's intervention at the conclusion of

defense counsel's re-cross examination of Officer Pitt improperly led to new testimony not offered during prior examinations regarding the incorrect description of the .40 caliber gun on the property receipt. Holder contends that, in leading the officer through questioning, the judge essentially became a second prosecutor. Although Holder preserved this issue, the result is the same as above. Federal Rule of Evidence 614(b) permits a court to interrogate witnesses, and it is not apparent that the District Court's short succession of questions overstepped the bounds of prudent judicial conduct, especially since "a few isolated, allegedly prejudicial comments by the trial judge are not sufficient to warrant a reversal." *Wilensky*, 757 F.2d at 598. Moreover, because Holder "fails to point out any facts which convince this Court that there was *actual* bias on the part of the trial judge," any error, to the extent one exists, is harmless. *Id.* (emphasis added).

In sum, the District Court's comments and questions did not exceed the authority provided by the Federal Rules of Evidence, "did not project an appearance of advocacy or partiality," *Id.* at 598, and did not deprive Holder "of a fair, as opposed to a perfect, trial," *Beaty*, 722 F.2d at 1093. Therefore, we reject Holder's arguments to the contrary.

### B.

■ Holder also contends that the District Court violated his due process right to have his sentence based on reliable information when it considered at sentencing his prior arrests that did not result in convictions. The Government argues that the prior arrests illustrated the defendant's knowledge and intent, not his propensity toward crime. Likewise, the District Court stated that the prior arrests did not affect Holder's advisory guideline range.

Sentencing courts enjoy wide latitude in considering a defendant's background at sentencing, but the information they rely upon is not beyond the limitations of fairness and due process. *See Berry*, 553 F.3d at 279–80. "[I]t is well settled that a defendant has a due process right to be sentenced based upon accurate information." *United States v. Nappi*, 243 F.3d 758, 763 (3d Cir.2001). As a result, "a bare arrest record-without more-does not justify an assumption that a defendant has committed other crimes and it therefore can not support increasing his/her sentence in the absence of adequate proof of criminal activity." *Berry*, 553 F.3d at 284.

In *Berry*, the sentencing court considered the defendants' prior arrests that did not result in convictions as indicative that their criminal history points were likely understated. *Id.* at 279, 281. Since it was "clear [there] that the sentencing court relied, at least in part, on bare arrest records in imposing a more lengthy term of imprisonment," we vacated and remanded for resentencing. *Id.* at 286. By contrast, the District Court here did not fashion a sentence based upon an assumption that Holder had committed other crimes for which he had escaped conviction and gone unpunished. Although the District Court noted that the prior arrests did not help Holder's case—"they make it seem very bleak, the possibility of the defendant turning his life around"—the Court recognized that "they have no effect" in this type of case, "where the Sentencing Guidelines ... are so extensive...." (App. at 439.) Rather, the District Court based the length of the sentence on the nature of the offense and the long history of convictions—two juvenile convictions and six adult convictions. In conclusion, the Court determined that "as much as we don't like imposing sentences of this length .... [i]t's important that a long prison sentence be imposed because of the deterrence as-

pect of the criminal conduct." (App. at 448.)

In short, while the District Court noted the arrest history, it was not the basis for the sentence. Accordingly, we cannot conclude that the District Court's consideration of the defendant's prior arrests at sentencing violated his due process rights.

## C.

Lastly, we turn to Holder's argument that the District Court improperly subjected him to a statutory sentence increase as an armed career criminal under 18 U.S.C. § 924(e) based on his prior convictions, which were not charged as elements of the crime nor proven to the jury beyond a reasonable doubt. Holder recognizes, however, that the Supreme Court held to the contrary on the same issue in *Almendarez–Torres,* 523 U.S. 224, 118 S.Ct. 1219. Since *Almendarez–Torres* remains good law and because we have rejected similar arguments in the past, precedent precludes us from entertaining Holder's claim. *See United States v. Coleman,* 451 F.3d 154, 159–61 (3d Cir.2006) (finding unpersuasive the defendant's argument regarding the Government's failure to prove his prior convictions to the jury beyond a reasonable doubt).

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court as to Holder's conviction and sentence.