# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: _April 2, 2015_____

**NO. 33,821**

**WILLIAM KIPNIS and MARCI KIPNIS,**

      Plaintiffs-Appellants,

v.

**MICHAEL JUSBASCHE and REBECCA MARK-JUSBASCHE,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

John B. Pound, LLC
John B. Pound
Santa Fe, NM

for Appellants

The Simons Firm, L.L.P.
Thomas A. Simons, IV
Daniel H. Friedman
Santa Fe, NM

for Appellees

**OPINION**

**BUSTAMANTE, Judge.**

{1}     Plaintiffs filed suit against Defendants for fraud, constructive fraud, and conversion based on Defendants' failure to tell them that Defendant Jusbasche had pled nolo contendere to a charge of theft of trade secrets nineteen years earlier. The district court dismissed the complaint on the ground that Rule 11-410(A)(2) NMRA prohibited admission of evidence of the plea and related judgment. We hold that the rule does not prohibit admission of the plea of nolo contendere and related judgment when they are not offered as proof of guilt. Consequently, we reverse that portion of the district court's order. We affirm the district court's ruling that there are questions of fact pertaining to whether Defendants had a duty to disclose information about the plea that preclude summary judgment on that issue.

**BACKGROUND**

{2}     William and Marci Kipnis (Plaintiffs) owned a hotel in Taos Ski Valley. Together with Michael Jusbasche and Rebecca Mark-Jusbasche (Defendants) they formed a limited liability corporation with the goal of replacing the hotel with condominiums. Plaintiffs contributed the hotel's real estate and a liquor license to the corporation and Defendants contributed cash in excess of $4 million over several years, the bulk of which was considered a loan to the corporation. Defendants held

a 51% interest in the corporation. In 2003 work began on a condominium complex to include thirty residential units and two commercial units. Twenty-four of the thirty residential units were sold during construction. However, the project was plagued by litigation and regulatory issues and ultimately the costs exceeded the parties' estimates. By 2005 it became apparent that the project was not going to turn a profit. Ultimately, Defendants took title to five unsold residential units and the two commercial units and the corporation was dissolved.

{3}     Plaintiffs filed suit alleging fraud, constructive fraud, intentional misrepresentation, and conversion[1]. The root of Plaintiffs' suit is an alleged conversation that occurred early in the negotiations about the project. Plaintiffs alleged that in 2003 the parties had a "dinner meeting . . . to move business discussions from the abstract to the concrete." As stated in the complaint, during that conversation, William Kipnis asked Defendants "if there was anything in their personal histories he should know about before going into a business relationship with them." Defendants answered in the negative. Plaintiffs maintained that Defendants' failure to tell them in that conversation that Jusbasche had pled nolo contendere to a charge of theft of trade secrets in 1984 constituted fraud. They "contend[ed] that if [Defendants] had honestly answered the question . . . by telling

---

[1]Plaintiffs' complaint also alleged breach of fiduciary duty, negligent misrepresentation, and breach of the covenant of good faith and fair dealing. These counts have been either dismissed or withdrawn and are not at issue on appeal.

them that . . . Jusbasche had pled no contest to a criminal charge of dishonesty with his business associates, they would not have gone into business with [him] . . . and would be the owners of the hotel and liquor license today."

{4}     Defendants filed a motion for summary judgment, arguing in relevant part that they had no duty to disclose the plea and judgment and that Rule 11-410(A)(2) barred the admission of evidence of the plea and "the surrounding circumstances of the case." Rule 11-410(A)(2) provides that "[i]n a civil, criminal, or children's court case, evidence of [a nolo contendere plea] is not admissible against the defendant who made the plea or participated in the plea discussions[.]" Plaintiffs argued in response that the question of whether Defendants had a duty to disclose the plea should be submitted to a jury and that Rule 11-410(A)(2) applies to prevent admission of evidence of a nolo contendere plea when it is offered as proof of guilt, but does not prohibit admission of such evidence for other reasons unrelated to the pleader's guilt. Here, Plaintiffs argued they were not trying to prove that Jusbasche was guilty of the charge. Rather, "[t]he fact of the plea, in and of itself, is directly relevant in the instant lawsuit. Accordingly, evidence pertaining to the plea is admissible."

{5}     The district court agreed with Plaintiffs on both arguments and denied Defendants' motion (Order 1). A trial date was set. However, at a pre-trial conference the district court reconsidered its ruling sua sponte and reversed the portion related

3

to Rule 11-410(A)(2), stating that "[o]n reconsideration, the court determines that Rule 11-410 . . . precludes introduction of evidence concerning . . . Jusbasche's plea of nolo contendere . . . as a matter of law. The court's ruling leaves Plaintiffs unable to prove a necessary element of their case." The district court granted summary judgment to Defendants, and the complaint was dismissed (Order 2).

**DISCUSSION**

**A.    Rule 11-410**

{6}    "The standard of review on appeal from summary judgment is de novo." *Farmers Ins. Co. of Ariz. v. Sedillo*, 2000-NMCA-094, ¶ 5, 129 N.M. 674, 11 P.3d 1236. Plaintiffs argue that the district court erred in concluding that Rule 11-410(A)(2) prohibited admission of evidence of Jusbasche's nolo contendere plea and its consequences. They reiterate the arguments made below. For support, they cite to *Olsen v. Correiro*, 189 F.3d 52 (1st Cir. 1999), and *United States v. Adedoyin*, 369 F.3d 337 (3d Cir. 2004). We therefore begin by examining those cases.

{7}    As a preliminary matter, we note that, as it pertains to the exclusion of nolo contendere pleas, Rule 11-410(A)(2) is identical to Rule 410(a)(2) of the Federal Rules of Evidence, with the exception that Rule 11-410 applies in children's court cases as well as civil and criminal cases. *See* Fed. R. Evid. 410. When the state and federal evidence rules are identical, we may rely on interpretations of the federal rule

as persuasive authority. *See State v. Gomez*, 2001-NMCA-080, ¶ 14, 131 N.M. 118, 33 P.3d 669 (relying on federal case law and treatises on the federal rules to construe Rule 11-613(B) NMRA); *see also State v. Torres*, 1998-NMSC-052, ¶ 13, 126 N.M. 477, 971 P.2d 1267 ("New Mexico courts have found the United States Supreme Court's interpretation of the Federal Rules of Evidence to be instructive in the interpretation of identical provisions in our Rules of Evidence."), *overruled on other grounds by State v. Alvarez-Lopez*, 2004-NMSC-030, 136 N.M. 309, 98 P.3d 699.

{8}    In *Olsen*, Olsen was convicted of murder and served five years in prison. 189 F.3d at 55. After five years, his conviction was overturned based on the prosecution's failure to disclose evidence, and a new trial was ordered. *Id*. Rather than go through a new murder trial, Olsen pled nolo contendere to a charge of manslaughter and was sentenced to time served. *Id*. Olsen then sued the city and two police officers for damages related to his incarceration for the murder charge. *Id*. The defendants "raised Olsen's manslaughter conviction resulting from the nolo plea as an affirmative defense[,]" arguing that "[Olsen was] not entitled to damages based upon the period of incarceration identified with the conviction for manslaughter." *Id.* at 55-56 (internal quotation marks omitted). Although he ultimately prevailed on the merits, Olsen appealed the amount of the damage award. *Id.*

{9}     On appeal, the Court of Appeals for the First Circuit examined whether "any evidence of [Olsen's] nolo plea, conviction, or sentence" could be admitted or considered by the district court. *Id.* at 58. It first held that under Rule 410(a)(2) of the Federal Rules of Evidence, "[o]nly the nolo *plea* itself is barred by the relevant language of the rule." *Olsen*, 189 F.3d at 59. It then examined the reasons for the rule, which are (1) "a nolo plea is not a factual admission that the pleader committed a crime[,]" *id.*, and (2) "a desire to encourage compromise resolution of criminal cases." *Id.* at 60. The appellate court determined that "[t]hese reasons for excluding the nolo plea itself could well, on other facts, be applicable to the conviction and sentence that result from the nolo plea." *Id*. For example, "[i]f such convictions and sentences were offered for the purpose of demonstrating that the pleader is guilty of the crime pled to, then the nolo plea would in effect be used as an admission and the purposes of Rule 410 would be undermined." *Olsen*, 189 F.3d at 60. But where the conviction and sentence were not offered to show guilt, these purposes of the rule are not thwarted. *Id.* at 61-62. The court concluded that, in that case, "the reason for the punishment, the existence of underlying culpability, is irrelevant. It is the existence of the punishment (which, given the 'time served' sentence, cannot be proved through prison records or by any other means) that matters." *Id.* "Accordingly, there [was] no reason . . . to expand Rule 410 beyond the scope of its plain language, which in

6

relevant part encompasses only nolo pleas" to preclude admission of evidence of Olsen's conviction. *Olsen*, 189 F.3d at 62.

{10}  In *Adedoyin*, the defendant was tried for "improper entry into the United States by an alien, . . . [and] two counts of fraud and misuse of visas, permits[,] and other documents[.]" 369 F.3d at 339. Approximately twenty years earlier, the defendant had pled nolo contendere to a felony criminal charge and was convicted. *Id.* at 340. The prosecution argued that the defendant had willfully misrepresented his status by indicating on a visa application that he had no criminal convictions. *Id.* at 343. At trial, the district court admitted evidence of the conviction over the defendant's objection based on Rule 410(a)(2). *Adedoyin*, 369 F.3d at 340, 343.

{11}  On appeal, the Court of Appeals for the Third Circuit relied on *Olsen* to affirm on two bases. First, it noted that there was in Rule 410 "a clear distinction between pleas of nolo contendere and convictions entered on the basis of such pleas." *Adedoyin*, 369 F.3d at 343. Second, it recognized that "a plea of nolo contendere is not an admission of guilt and thus the fact that a defendant made such a plea cannot be used to demonstrate that he was guilty of the crime in question[,]" and stated that "convictions based on pleas of nolo contendere are admissible to prove the fact of conviction." *Id.* at 344. It concluded that "it did not even matter . . . whether [the defendant] was guilty of the [earlier] crime." *Id*. Rather, "[t]he material question at

7

trial was whether his representation that he did not have a criminal conviction was willfully false or misleading and the conviction, though based on a plea of nolo contendere, established that his representation was false, though not necessarily willfully so. Thus, evidence of it was admissible." *Id*.

{12}    We derive two propositions from these cases. One is that the reach of Rule 410 is limited to the nolo contendere plea itself, not to the resultant judgment, conviction, or sentence. The other is that the consequences of a nolo contendere plea may be admitted as evidence when not offered to prove the pleader's guilt. These propositions are found in other cases and sources as well. *See, e.g.*, *Sharif v. Picone*, 740 F.3d 263, 271 (3d Cir. 2014) ("Rule 410 does not bar the admission of a *conviction* resulting from a nolo plea, but rather prohibits only the admission of the plea itself." (citing *Adedoyin*, 369 F.3d at 344-45 and *Olsen*, 189 F.3d at 58-62)); *United States v. Drapeau*, No. CR 14-30073-RAL, 2014 WL 5089926, at *2 (D.S.D. Oct. 9, 2014) ("[Rules 410 and 803], however, do not debar admission of the fact of conviction based on a no contest plea in a case where the [g]overnment must prove a conviction exists as an element of the charged crime."); Christopher B. Mueller & Laird C. Kirkpatrick, 2 Federal Evidence § 4:65 (4th ed.) (stating that, "[d]espite the apparent breadth of Rule 410 in barring *nolo contendere* pleas, the fact is that these pleas—or more precisely the judgments entered on them—are admissible in a wide

range of other contexts" and giving examples); Colin Miller, *The Best Offense Is A Good Defense: Why Criminal Defendants' Nolo Contendere Pleas Should Be Inadmissible Against Them When They Become Civil Plaintiffs*, 75 U. Cin. L. Rev. 725, 731 (2006) ("Importantly, . . . the [r]ules merely protect the defendant from the admission of his nolo contendere plea. Conversely, the resulting conviction is frequently admissible against the pleading party, typically for impeachment purposes under Federal Rule of Evidence 609 and corresponding state codes.").

{13}    Other courts reject the dichotomy between pleas and convictions and instead treat nolo pleas and resultant judgments the same under the rule. Nevertheless, they endorse the second proposition from those cases:  when the purpose is other than to prove guilt, evidence related to a nolo plea may be admitted. For example, the Court of Appeals for the Ninth Circuit held that

> [r]eading [Rule 410] to preclude admission of a *nolo contendere* plea but to permit admission of conviction based on that plea produces an illogical result. Rule 410's exclusion of a *nolo contendere* plea would be meaningless if all it took to prove that the defendant committed the crime charged was a certified copy of the inevitable judgment of conviction resulting from the plea. We hold that Rule 410 prohibits the admission of *nolo contendere* pleas and the convictions resulting from them *as proof that the pleader actually committed the underlying crimes charged.*

*United States v. Nguyen*, 465 F.3d 1128, 1131 (9th Cir. 2006) (fourth emphasis added). Interestingly, *Nguyen* relied on *Olsen* to reach this conclusion. *Nguyen*, 465

F.3d at 1131. Similarly, in *Town of Groton v. United Steelworkers of America*, the Connecticut Supreme Court held that "under our law a prior plea of nolo contendere and a conviction based thereon may not be admitted into evidence in a subsequent civil action or administrative proceeding *to establish either an admission of guilt or the fact of criminal conduct*." 757 A.2d 501, 511 (Conn. 2000) (emphasis added)[2]. Without making a distinction between a conviction and the nolo plea on which it was based, the Utah Supreme Court held that "[b]ecause the [s]tate did not offer [the defendant's] sexual abuse conviction to prove that she had actually committed sexual abuse, we conclude that [Utah's R]ule 410[a](2) does not bar the admissibility of her conviction." *In re W.A.*, 2002 UT 127, ¶ 34, 63 P.3d 607. Utah's Rule 410 is identical to the New Mexico rule as it pertains to nolo pleas. *See* Utah R. Evid., Rule 410 (2011).

{14}     The better reasoned approach is that it is not necessary to interpret Rule 11-410(A)(2) to apply only to pleas to conclude that it does not prohibit admission of a nolo plea in this case. Indeed, such a construction is contrary to the intent of the drafters of the federal rule, "who explicitly declared that it was based on 'the inconclusive and compromise nature of *judgments* based on nolo pleas.' " Glen

---

[2]We note that, after this statement of the general rule in Connecticut, the court went on to affirm the admission and consideration of a nolo plea in *Town of Groton* because of the unique policy considerations attendant to the "legitimate expectations of the employer that are inherent in the employment context" that are not involved in "the ordinary civil or administrative context[.]" 757 A.2d at 511.

Weissenberger & James J. Duane, *Weissenberger's Federal Evidence*, § 410.3 (7th ed. 2011) (quoting the Advisory Committee Note to Rule 410). "Moreover, this proposed reading reduces the rule to a meaningless nullity," *id.*, because

> by that reasoning Rule 410(a)(2) could be easily and thoroughly circumvented in *every* case . . . by simply telling the jury about the criminal conviction that was entered against the defendant, without disclosing how the conviction was reached or that it was based on the plea. That arrangement would do nothing to fulfill the purposes underlying Rule 410.

*Id.* Finally, "this . . . argument overlooks the fact that Rule 410(a)(2) does not merely exclude the nolo plea itself, but in fact excludes 'evidence of . . . a nolo contendere plea.' " *Id.* (emphasis omitted) (omissions in original).

{15}     Although we reject the idea that the rule only prohibits admission of the plea itself, we agree with the cases and the authorities holding that "Rule 410 was obviously intended to provide that pleas of nolo contendere—and convictions on the basis of such pleas—are excluded by that rule only if they are offered to prove that the defendant is guilty of the crime in question." Weissenberger, *supra* (emphasis and internal quotation marks omitted); *see also* David P. Leonard, *The New Wigmore: A Treatise on Evidence: Selected Rules of Limited Admissibility*, § 5.8.3; Barbara E. Bergman, Nancy Hollander & Theresa M. Duncan, 1 *Wharton's Criminal Evidence* § 4:44 (15th ed.) ("If a defendant pleads nolo contendere, Fed. R. Evid. 410 prohibits the use of that plea *as either an admission or proof of guilt*, in a subsequent civil or

11

criminal proceeding, whether arising out of the same facts or not, against the defendant who made the plea." (emphasis added) (internal quotation marks and footnote omitted)). Hence, consistent with the weight of authority on this issue, we hold that Rule 11-410(A)(2) does not prohibit admission of a nolo plea or judgment based thereon for purposes other than to prove guilt.

{16}    Given that this holding permits use of both nolo pleas and resultant judgments, we need not address Defendants' argument that, even if use of convictions is permissible, here, evidence of the Texas proceedings is inadmissible because there was no adjudication of guilt and no conviction per se.

{17}    New Mexico case law does not require a different result. Defendants argue that in *State v. Trujillo*, the New Mexico Supreme Court held that Rule 11-410 states a broad prohibition without qualification and that our interpretation is contrary to the rule's plain language as that Court interpreted it. *See Trujillo*, 1980-NMSC-004, 93 N.M. 724, 605 P.2d 232. The *Trujillo* Court construed Rule 11-410 as a matter of first impression. *Id.* ¶ 6. There, the defendant stated during the plea discussions that he had sold heroin to an undercover agent after which he pled nolo contendere to charges of drug trafficking. *Id.* ¶ 4. But the defendant "did not fulfill his part of the [plea] agreement . . . [and] was subsequently re-arrested, pled not guilty, and stood trial" for the same charges. *Id.* ¶ 5. At trial, the defendant took the stand and testified that he

12

did not sell heroin to the undercover agent. *Id*. The district court permitted the defendant's statement to be used to impeach him. *Id*. On appeal, the Court examined the history of Rule 11-410 and the federal rule and concluded that

> the plain import of the language of Rule 410 is to prohibit the admissibility of statements made during plea negotiations in any proceeding. The other exclusionary rules which surround Rule 410 in the Rules of Evidence contain express exceptions to the general rule of inadmissibility. *See* [Rules 11-]407, 408, 409, 411 [NMRA]. Rule 410 stands out among these rules because it contains no language which limits its exclusionary effect.

*Trujillo*, 1980-NMSC-004, ¶ 17. It concluded that "we interpret Rule 410 as closing the door on the admissibility of all [plea discussions] as evidence at trial for either substantive or impeachment purposes." *Id.* ¶ 19. Thus, the conviction was reversed and remanded for a new trial. *Id.* ¶ 22.

{18} Despite its broad language, *Trujillo* does not address the situation presented here, and we decline to read into it a blanket prohibition encompassing the present facts. *Cf.* Weissenberger, *supra* (stating that "it is universally agreed that this is one of those rare rules that 'can't mean what it says,' for it would lead to absurd results if read too literally, and every court and commentator agrees that there are at least some purposes for which a plea of nolo contendere should be admissible against the one who entered the plea[.]" (footnote omitted)). In addition, the *Trujillo* Court's reasoning was based in large part on policies behind nolo pleas. 1980-NMSC-004,

13

¶¶ 18-21. As we discuss further below, these policies are not unduly hindered by permitting admission of the pleas and related judgments for a purpose like that here.

{19}    Finally, our holding is consistent with the rationales behind excluding nolo contendere pleas from evidence. The primary reason for the exclusion is the promotion of plea bargaining. The Advisory Committee Notes to Rule 410 state that "[e]xclusion of offers to plead guilty or *nolo* has as its purpose the promotion of disposition of criminal cases by compromise. . . . As with compromise offers generally, . . . security against having an offer of compromise . . . admitted in evidence effectively encourages it." The New Mexico Supreme Court explained that "Rule 410 embodies the public interest in encouraging negotiations concerning pleas between the criminal defendant and the [s]tate [and that] candor in plea discussions aids greatly in the reaching of agreements between the defendant and the [s]tate." *Trujillo*, 1980-NMSC-004, ¶ 18.

{20}    As observed by the *Olsen* court, however, this purpose may give way to other important interests: "The reach of this policy rationale has limits, of course; the plain language of the rule reflects Congress's balancing of the promotion of compromise against the admission of relevant evidence." 189 F.3d at 60. "In particular, if the conviction is being offered not to prove the truth of the facts on which it was based, but for some other purpose, the value of the evidence might outweigh the danger that

14

admission would discourage nolo pleas." Leonard, *supra*, § 5.8.3. The *Olsen* court applied this reasoning to hold that where the fact of the defendant's punishment could not be proved another way, the necessity of admitting his conviction outweighed the need to encourage plea bargaining. 189 F.3d at 61-62. A similar analysis applies here:  other than through evidence related to Jusbasche's plea, there is no way for Plaintiffs to prove that he failed to inform them of its existence.

{21}     The second reason nolo contendere pleas are excluded arises from the fact that a nolo contendere plea is not an admission of guilt. "Rather, it is a statement of unwillingness to contest the government's charges and an acceptance of the punishment that would be meted out to a guilty person." *Id.* at 59. "A plea of nolo contendere is used by the accused in criminal cases to save face and avoid exacting an admission that could be used as an admission in other potential litigation, to avoid trial with its attendant expense and adverse publicity in the event of a conviction." 21 Am. Jur. 2d Criminal Law § 675 (footnote omitted). Thus, a nolo plea is less probative of guilt than a guilty plea. *See Sharif*, 740 F.3d at 268 ("[T]he use of a nolo plea as tantamount to an admission of guilt would defeat one of its primary purposes."). *But see* Leonard, *supra* § 5.4.1 (stating that "any rationale for the exclusionary rule that relies on a conclusion that the withdrawn guilty plea [or nolo contendere plea] is irrelevant as an admission of responsibility is deeply flawed").

Clearly, this rationale is inapplicable when the plea and resultant judgment is not offered as evidence of guilt.

**B.    Duty to Disclose**

{22}    Defendants argue that, even if we determine that the district court erred in its construction of Rule 11-410, they are entitled to summary judgment because they had no duty to disclose the fact that Jusbasche had entered a nolo plea in a criminal case nineteen years earlier. This argument is made pursuant to Rule 12-201(C) NMRA, that permits an appellee to "raise issues on appeal for the purpose of enabling the appellate court to affirm, or raise issues for determination only if the appellate court should reverse, in whole or in part, the judgment or order appealed from." Plaintiffs argue that whether there was a duty to disclose this information is a question of fact that should be submitted to the jury. We agree with Plaintiffs.

{23}    "New Mexico case law clearly recognizes that a claim for fraud 'may be predicated on concealment where there is a duty to disclose.' " *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 60, 133 N.M. 669, 68 P.3d 909 (citation omitted). Such a duty exists here if Defendants (1) "ha[d] *actual knowledge* of . . . the undisclosed information" and (2) had actual knowledge of "the fact that [Plaintiffs were] proceeding in ignorance of facts basic to the transaction[.]" *McElhannon v. Ford*, 2003-NMCA-091, ¶ 13, 134 N.M. 124, 73 P.3d 827. "[I]t is not enough to show

16

that the defendant should have known the information or its importance to the plaintiff." *Id*. Generally, the question of whether there was a duty to disclose is a matter of law for the district court to decide. *R.A. Peck, Inc. v. Liberty Fed. Sav. Bank*, 1988-NMCA-111, ¶ 12, 108 N.M. 84, 766 P.2d 928. "However, when the facts on which the alleged duty rests are in dispute, the existence of a duty becomes a mixed question of law and fact." *Azar*, 2003-NMCA-062, ¶ 43. In that case, "disputed issues of fact underlying the duty question must be submitted to the fact-finder for resolution." *Id*.

{24}    Here, Defendants do not dispute that they had actual knowledge of the plea and that Plaintiffs were ignorant of the facts surrounding it. Instead, they frame the issue as whether they had actual knowledge that such information was important to Plaintiffs. They maintain that they could not have known that Plaintiffs wanted to know about the plea because William Kipnis's question was too vague. **[Id.]**  In the context of the two-pronged formulation of the test in *McElhannon*, we understand Defendants' argument to be that the information was not "basic to the transaction" and that they could not have known that Plaintiffs would have terminated the partnership if they knew of the plea, i.e., "proceed[ed] in ignorance" of that information. 2003-NMCA-091, ¶ 13. These are classic fact questions. *See Azar*, 2003-NMCA-062, ¶ 62 (stating that where "reasonable minds could differ as to the

17

materiality of the alleged undisclosed facts" remand for development of additional facts was appropriate "in order for the trial court to properly determine whether a duty to disclose arose"). Thus, only if the relevant facts are undisputed is summary judgment proper.

{25}     Here, Defendants agreed for the purposes of the motion to dismiss that Plaintiffs asked Defendants if "there was anything in their personal histories [they] should know about before going into a business relationship with them" and that Defendants answered negatively. Thus, these basic facts are undisputed. Where the parties differ is on the effect of the question. Did Defendants understand the question to encompass a nineteen-year-old plea, as Plaintiffs argue, or, was it too vague to require a response that specific?  Similarly, the parties differ on whether Defendants knew that, "because of the relationship [with Plaintiffs], the customs of the trade or other objective circumstances, [Plaintiffs] would reasonably expect a disclosure of those facts." *McElhannon*, 2003-NMCA-091, ¶ 12 (internal quotation marks and citation omitted). Because the answers to these questions depend on what inferences one draws from the basic facts and the credibility of witnesses, summary judgment on this issue would be improper. *See Fischer v. Mascarenas*, 1979-NMSC-063, ¶ 10, 93 N.M. 199, 598 P.2d 1159 ("Even where the basic facts are undisputed, if equally

18

logical but conflicting inferences can be drawn from the facts, summary judgment should be denied.").

{26}     Defendants spend a substantial portion of their briefing arguing that Plaintiffs effectively "nullified their fraud claims" and negated any duty to disclose by stating that they were not "contending . . . that . . . Jusbasche was guilty of the crime to which he pled *nolo contendere*." Defendants interpret Plaintiffs' statement to mean that they stipulate that Jusbasche in fact was not guilty. Defendants overstate Plaintiffs' position. Just as a defendant entering a nolo plea does not accept guilt, Plaintiffs' statement that they are not seeking to prove Jusbasche's guilt in their fraud action does not equate to an acceptance of his innocence. Furthermore, Plaintiffs are not required to prove, in a fraud action, whether Jusbasche was guilty. The facts are that Jusbasche pled nolo contendere to theft of trade secrets and did not disclose the plea to Plaintiffs. That Jusbasche was not adjudicated guilty simply goes to the materiality and weight of those facts.

**CONCLUSION**

{27}     Here, like in *Olsen* and *Adedoyin*, whether Jusbasche was actually guilty of a theft of trade secrets is immaterial to Plaintiffs' claim that he breached a duty to disclose the fact that he was accused of and sentenced for that charge. Accordingly, Plaintiffs seek to admit evidence of the plea and sentence not as evidence of guilt but

as evidence of what Defendants failed to tell them. This is a permissible use under Rule 11-410(A)(2). Finally, whether Defendants had a duty to disclose information about the plea and its consequences depends on resolution of facts, a task for a jury. We therefore reverse the district court's grant of summary judgment based on Rule 11-410(A)(2) (Order 2) and affirm its denial of summary judgment as to whether Defendants had a duty to disclose the plea (Order 1).

{28}    **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**RODERICK T. KENNEDY, Judge**

20