731 P.2d 965

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Joseph A. MARQUEZ, Dawson Cole,
and Lee Slaughter,
Defendants-Appellants.**

**Nos. 9298, 9299 and 9300.**

Court of Appeals of New Mexico.

Nov. 25, 1986.

Certiorari Denied Jan. 6, 1987.

**270**

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendants-appellants.

Paul G. Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

Each of these cases involves the common appellate issue of whether a conviction resulting from a plea of nolo contendere may be used to enhance a sentence of an habitual criminal pursuant to NMSA 1978, Section 31–18–17 (Cum.Supp.1986). On defendants' motion, we consolidated the cases. Defendant Marquez raises an additional issue, pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), regarding improper cross-examination. For the reasons stated in the calendaring notice in Marquez's case, we affirm on that additional issue, and for the reasons which follow, we affirm on the common issue.

The state charged each defendant with being an habitual offender. When the prosecutor offered proof of a prior felony conviction, the respective defendants objected on the basis that the prior conviction was obtained pursuant to a nolo contendere plea and, therefore, barred under NMSA 1978, Evid.Rule 410 (Repl.Pamp.1983). Under Evid.Rule 410, evidence of a plea of nolo contendere is inadmissible in any civil or criminal proceeding against the person who made the plea. The trial court overruled the objections and, in the Marquez case, stated: "The fact that [defendant] pled nolo contendere is not being used against him. The fact that there was a conviction following that plea is being used." We agree with both the ruling and its rationale.

The habitual criminal statute, Section 31–18–17, provides that an individual who has incurred one or more prior felony convictions shall be deemed an habitual offender, and upon a subsequent conviction, the basic sentence shall be increased upon proof of the prior conviction or convictions. It is the conviction, or finding of guilt, which is relevant for enhancement purposes. *See State v. Davis*, 104 N.M. 229, 719 P.2d 807 (1986); *Padilla v. State*, 90 N.M. 664, 568 P.2d 190 (1977); *State v. Larranaga*, 77 N.M. 528, 424 P.2d 804 (1967).

The New Mexico habitual criminal statute does not create a new offense, but merely increases the sentence. *Linam v. Griffin*, 685 F.2d 369 (10th Cir.1982), *cert. denied*, 459 U.S. 211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983); *State v. Nelson*, 96 N.M. 654, 634 P.2d 676 (1981). Habitual offender proceedings do not charge a distinct criminal offense; rather, they relate only to the punishment to be imposed for a subsequent felony conviction. *State v. Archunde*, 91 N.M. 682, 579 P.2d 808 (Ct.App. 1978). As stated in Annot., 89 A.L.R.2d 540, 610 (1963):

> [T]he effect of a prior plea of nolo contendere on the status of one convicted for another crime under a statute providing for increased penalties for multiple offenders, [adheres to] the generally accepted rule ... that an individual who has entered a plea of nolo contendere in one proceeding is a multiple offender after a subsequent conviction in another proceeding * * *. *The reason for this holding is that in a prosecution for a second offense the prior conviction is the controlling factor, and not the plea interposed, the conviction of the previous offense being equally conclusive*

*whether the plea was guilty, not guilty, or nolo contendere.* [Emphasis added.]

A majority of the jurisdictions that have considered this question sanction the use of prior convictions resulting from nolo contendere pleas to enhance a sentence under an habitual criminal statute. *See, e.g., United States v. Skeen,* 126 F.Supp. 24 (N.D.W.Va.1954), *appeal dismissed,* 222 F.2d 423 (4th Cir.1955); *People v. Goodwin,* 197 Colo. 47, 593 P.2d 326 (1979); *Miller v. State,* 162 Ga.App. 730, 292 S.E.2d 102 (1982); *State v. Ondrak,* 212 Neb. 840, 326 N.W.2d 188 (1982); *State v. Staples,* 100 N.H. 283, 124 A.2d 187 (1956); *People v. Daiboch,* 265 N.Y. 125, 191 N.E. 859 (1934); *State v. Teague,* 680 S.W.2d 785 (Tenn.1984); *State v. Moss,* 108 W.Va. 692, 152 S.E. 749 (1930); *Ellsworth v. State,* 258 Wis. 636, 46 N.W.2d 746 (1951); *see also United States v. Brzoticky,* 588 F.2d 773 (10th Cir.1978) (interpreting Colorado law) (prior conviction based on nolo plea used to find violation of statute prohibiting use of firearms after felony conviction); *Smith v. State,* 248 Ga. 828, 286 S.E.2d 709 (1982). *Contra State v. Stone,* 245 N.C. 42, 95 S.E.2d 77 (1956).

Defendants rely on North Carolina case law in *State v. Stone.* The court in *State v. Stone* held that a nolo contendere plea was an insufficient basis to support the allegation of a prior conviction. The *Stone* reasoning, unsupported by citations, is not persuasive herein since, in New Mexico, the conviction is the controlling factor. *See* § 31–18–17.

■ In New Mexico, a plea of nolo contendere in a criminal proceeding provides the basis for the criminal conviction. NMSA 1978, § 30–1–11 (Repl.Pamp.1984); *see also State v. Apodaca,* 80 N.M. 155, 452 P.2d 489 (Ct.App.1969). Section 30–1–11 provides in part:

No person shall be convicted of a crime unless found guilty by the verdict of the jury, accepted and recorded by the court; or upon the defendant's confession of guilt *or a plea of nolo contendere, accepted and recorded in open court;* or after trial to the court without jury and the finding by the court that such defendant is guilty of the crime for which he is charged. [Emphasis added.]

A plea of nolo contendere accepted and recorded in open court is tantamount to an admission of guilt. *State v. Apodaca.*

Defendants point to a quotation from an Idaho case found in *State v. Larranaga,* which specifies that a conviction means the establishment of guilt through a guilty plea or finding or verdict by court or jury. Because *State v. Larranaga* did not involve a nolo contendere plea, the fact that the definition used therein did not include a nolo contendere plea is not persuasive. Moreover, by specific statutory provision, Section 30–1–11 expressly contemplates that a nolo contendere plea provides a proper basis for conviction.

Defendants also argue that *State v. Baca,* 101 N.M. 415, 683 P.2d 970 (Ct.App. 1984), supports their position. *State v. Baca* dealt with the state's burden in establishing proof of a probation violation in order to revoke probation. In *State v. Baca,* this court held that defendant's nolo contendere plea, standing alone, was not adequate proof of violation of defendant's probation. However, our ruling in *State v. Baca* has a narrow application. In *State v. Baca,* the state focused on defendant's plea of no contest, rather than the conviction based on the plea. Had the state sought to revoke defendant's probation based on the conviction, rather than the plea itself, we might have reached a different result.

■ Relying on *State v. Keith,* 102 N.M. 462, 697 P.2d 145 (Ct.App.1985), defendants contend that in the construction of criminal statutes, doubts are to be resolved in favor of lenity. The provisions of the habitual criminal statute are, nevertheless, mandatory. *State v. Davis; State v. Santillanes,* 98 N.M. 448, 649 P.2d 516 (Ct.App.1982). We ascertain no room for doubt in the construction of Section 31–18–17. The intent of habitual criminal statutes is to provide an increased penalty in order to deter commission of a subsequent offense. *State v. Linam,* 93 N.M. 307, 600 P.2d 253, *cert. denied, Linam v. New Mexico,* 444

272

U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979). Fixing penalties is a legislative function. *State v. Crespin*, 96 N.M. 640, 633 P.2d 1238 (Ct.App.1981). In Section 31–18–17, the legislature has provided that a basic sentence is to be increased by a specific amount, according to the number of prior felony convictions.

■ Adopting the rule followed by the clear majority of other jurisdictions, we hold that a prior conviction resulting from a nolo contendere plea can be used to enhance a sentence under the habitual criminal statute. We affirm defendants' convictions and sentences. Affirmance of Cole's and Marquez's appeals is conditional since those defendants have appealed their underlying convictions which have not been decided.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.