735 P.2d 540

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Trinidad CASTILLO, Defendant-Appellant.**

No. 9753.

Court of Appeals of New Mexico.

March 3, 1987.

Certiorari Denied April 9, 1987.

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, James C. Kennedy, III, Carlsbad, for defendant-appellant.

**OPINION**

MINZNER, Judge.

Defendant appeals from his sentence as an habitual offender. He contends that the trial court erred in considering entry of a plea of "guilty" as a prior conviction because that plea had not been reduced to a written judgment and sentence at the time the subsequent offense was committed. This court proposed summary affirmance, and defendant has filed a timely memorandum in opposition. Under the facts of this case, we affirm.

Defendant was convicted and sentenced on December 12, 1986, as an habitual offender. The trial court enhanced his sentence for a crime committed on or about

June 2, 1986, because of a prior conviction for crimes committed in December 1985. As to the crimes committed in 1985, defendant had entered a plea of guilty that the trial court accepted in a proceeding on May 15, 1986; however, judgment and sentence were not entered until June 17, 1986. Defendant contends that there was no prior conviction at the time he committed the June 2, 1986, offense within the meaning of the habitual offender statute. *See* NMSA 1978, § 31–18–17 (Cum.Supp.1986). We disagree.

■ The habitual offender statute provides that an individual who has incurred one or more felony convictions shall be deemed an habitual offender and, upon a subsequent conviction, the basic sentence shall be increased upon proof of the prior conviction. *State v. Marquez,* 105 N.M. 269, 731 P.2d 965 (Ct.App.1986). It is the conviction, or finding of guilt, which is relevant for enhancement purposes. *Id.* There must have been a prior conviction preceding the commission of the offenses for which the enhanced sentence is sought. *State v. Linam,* 93 N.M. 307, 600 P.2d 253, *cert. denied,* 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979).

■ In his memorandum in opposition, defendant argues that a guilty plea can be withdrawn at any time prior to entry of written judgment, and hence should not be used as a prior conviction for purposes of habitual offender enhancement. We note that we do not have a case before us involving the withdrawal of a guilty plea. Defendant, in fact, subsequently was sentenced for the offense to which he had pled guilty on May 15, 1986. For all practical purposes, this defendant was "convicted" of the prior crime at the time he entered, and the judge accepted, his plea. It is the fact of a prior conviction, not a prior sentence, that is dispositive. *See Padilla v. State,* 90 N.M. 664, 568 P.2d 190 (1977). Once defendant pled guilty, there was little for the court to do except sentence defendant in accordance with the law. *See State v. Madrigal,* 85 N.M. 496, 513 P.2d 1278 (Ct.App.1973).

Defendant argues that *Padilla v. State* is distinguishable because that case involved a deferred sentence after formal entry of a judgment. On these facts, we are not persuaded that the distinction is material.

In this case, at the time the habitual offender sentence was imposed, written judgment had been entered on the May 15 plea. Thus, the principles of finality that have led some courts to construe the term "conviction" to require written judgment are not applicable. *See generally* Annot., 5 A.L.R.2d 1080 (1949); *see also* SCRA 1986, UJI Crim. 14–7001, –7002, –7007.

In any event, our supreme court has stated that the "conviction" to which the habitual criminal statute refers, "is simply a finding of guilt and does not include the imposition of a sentence." *State v. Larranaga,* 77 N.M. 528, 529, 424 P.2d 804, 805 (1967). A plea of guilty constitutes a legal conviction within the meaning of the habitual offender legislation. Nothing in these facts persuades us that the supreme court definition does not apply.

The habitual offender statute, Section 31–18–17, imposes an enhanced penalty which is intended to deter further crimes. *See State v. Linam.* We see no reason why a person who is given the opportunity to remain free pending sentencing but commits another crime prior to sentencing is not subject to a law designed to deter the subsequent crime. Since we view the result for which defendant contends as contrary to legislative intent, we do not adopt it. *See State v. Nance,* 77 N.M. 39, 419 P.2d 242 (1966), *cert. denied,* 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

For the foregoing reasons, we hold that the guilty plea proceeding that occurred on May 15, 1986, was a sufficient conviction upon which to enhance defendant's sentence in proceedings based on the June 2, 1986, offense. Consequently, defendant's sentence is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and FRUMAN, J., concur.