**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 28,983**

**JOSEPH PERRY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Frank K. Wilson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals from his convictions for criminal sexual penetration and intimidation of a witness. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has timely responded with a motion to amend the docketing statement and a memorandum in opposition to this Court's proposed

summary disposition. As we are not persuaded by Defendant's arguments, we deny Defendant's motion to amend and we affirm.

**Statements Made by One of the Jurors**

Defendant asserted in his amended docketing statement that the district court erred in refusing to grant a mistrial after a juror made statements in front of other jurors seeking information about the case outside of the evidence presented at trial. [Amended DS 4-5] In this Court's notice of proposed summary disposition, we proposed to hold that the district court did not abuse its discretion in denying Defendant's motion for a mistrial. *See State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752 (stating that the denial of a mistrial is reviewed for an abuse of discretion). Although the district court denied Defendant's motion, the district court excused the juror and replaced him with an alternate, and we proposed to conclude that this remedy was adequate.

In Defendant's memorandum in opposition, he changes both the factual and legal bases for his argument. First, Defendant states that in addition to whatever comments the juror made about wanting to view extraneous evidence, the juror also stated his belief that Defendant was guilty. [MIO 2] Second, rather than arguing that the district court abused its discretion in refusing to grant a mistrial, Defendant now asserts that the district court was obliged to voir dire the jury in order to determine if

2

they had overheard the comment and been prejudiced by it and that the case should be assigned to the general calendar in order to review this issue. [MIO 3]

Accepting as true Defendant's assertion that the juror made a statement that he believed Defendant was guilty, we nevertheless do not believe that assignment to the general calendar is warranted. Defendant no longer contends that the district court abused its discretion in striking the juror and replacing him with an alternate, and we conclude that in the absence of any evidence that the other jurors were tainted by the juror's statement, the remedy was constitutionally adequate. *See State v. Gardner*, 2003-NMCA-107, ¶ 9, 134 N.M. 294, 76 P.3d 47 (holding that a defendant's right to a fair trial was adequately protected when the district court struck a juror and replaced her with an alternate when the district court learned that the juror had made an inappropriate statement about the defendant's guilt prior to being selected for the jury). Defendant asserts that the district court should have employed a procedure such as that described in *State v. Holly*, 2009-NMSC-004, ¶ 19, 145 N.M. 513, 201 P.3d 844, in order to voir dire the other jurors. [MIO 3] However, in *Holly*, the defendant sought a voir dire of the jurors, and the district court denied his motion. 2009-NMSC-004, ¶ 6. Here, in contrast, nothing in Defendant's amended docketing statement, his memorandum in opposition, or the tape log in the record proper provides any indication that Defendant ever sought to voir dire the other jurors. [RP 153-54] The

3

district court did not abuse its discretion in failing to employ procedures that Defendant never requested, and Defendant does not argue that the failure to employ these procedures was fundamental error. *See id.* ¶ 40 (reviewing the failure to grant a mistrial for fundamental error where the defendant never sought appropriate relief in the district court); *cf. Gardner*, 2003-NMCA-107, ¶ 13 (noting that reversal was inappropriate where the defendant declined to exercise his option to voir dire the remaining jurors about any possible prejudice resulting from an excused juror's comment).

**Defendant's *Miranda* Rights**

Defendant claimed in his amended docketing statement that the district court erred by permitting the introduction of a statement that was taken in violation of Defendant's *Miranda* rights. [Amended DS 5] In Defendant's memorandum in opposition, he abandons this argument as being without a factual basis. [MIO 4]

**Defendant's Speedy Trial Rights**

Defendant asserts that his right to a speedy trial was violated. [Amended DS 5] Defendant, however, also concedes that he never raised this issue in the district court. [*Id.* at 5; MIO 5] As this issue was not preserved, we find no error. *See State v. Lopez*, 2008-NMCA-002, ¶¶ 24-25, 143 N.M. 274, 175 P.3d 942.

4

**The State's Withholding of Exculpatory Evidence**

Defendant asserts that the State wrongfully withheld exculpatory evidence. [Amended DS 5] In order to establish a violation of due process when a prosecutor fails to turn over exculpatory evidence to the defense, a defendant must show that the prosecution suppressed evidence, that the evidence was favorable to the accused, and that the evidence was material to the defense. *See Case v. Hatch*, 2008-NMSC-024, ¶ 44, 144 N.M. 20, 183 P.3d 905. Here, Defendant asserts that the possibly exculpatory evidence related to the chain of custody of certain DNA evidence. [MIO 5] Defendant concedes that he did not raise this issue below, and he is unable to demonstrate on appeal that the evidence relating to the chain of custody was suppressed by the prosecution (in fact, Defendant states that he was able to cross-examine a State's witness on this issue, suggesting that he was aware of the evidence), that it was favorable, or that it was material. We therefore, find no error. We decline Defendant's invitation to remand for a hearing in order to develop evidence on an issue he failed to preserve at trial. [MIO 6-7] We cannot see how judicial economy would be served by permitting parties limited remands on direct appeal to raise issues that could have been raised in the first instance at trial. To the degree that Defendant relies on ineffective assistance of counsel cases to support this proposition, Defendant has cited no authority to suggest that this Court would extend that

procedure to the violation of constitutional rights other than that of effective assistance of counsel. Furthermore, even in the context of ineffective assistance of counsel claims, this Court will only remand for a hearing on direct appeal when a defendant can make a prima facie showing of ineffective assistance based on evidence already in the record. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (stating that when an ineffective assistance claim is first raised on direct appeal, an appellate court will evaluate the facts that are part of the record, and if the facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition). Defendant has not made a prima facie showing on direct appeal that his due process right to exculpatory evidence was violated. To the degree that Defendant is able to develop such evidence, his argument is more appropriately presented in a habeas corpus proceeding.

**Ineffective Assistance of Counsel**

Defendant asserts that his attorney provided ineffective assistance at trial. [Amended DS 6**]** In order to establish a prima facie claim for ineffective assistance of counsel, a defendant must prove that his counsel has made unreasonable errors and that he has been prejudiced by those errors. *State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494. "If any claimed error can be justified as a trial tactic or strategy, then the error will not be unreasonable." *State v. Bernal*, 2006-NMSC-050,

6

¶ 32, 140 N.M. 644, 146 P.3d 289. In order to prove prejudice, Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted).

In Defendant's memorandum in opposition, he asserts that his trial counsel met with him only five minutes prior to trial, did not provide him with adequate discovery, did not subpoena witnesses that Defendant wanted to have testify, did not fully examine the forensic case report used by the State, failed to alert the district court to prosecutorial misconduct, and failed to inform the district court that witnesses were in the courtroom in violation of the rules. From Defendant's description of his attorney's alleged errors, we conclude that there is not sufficient evidence of record to support Defendant's claim that he was prejudiced by any such errors. When "the record on appeal does not provide enough information to adequately determine whether an action was error or caused prejudice," further evidence is required. *Id.* ¶ 33. "Rather than remand the case to the trial court for further hearings, this [c]ourt has a general preference that such claims be brought and resolved through habeas corpus proceedings." *Id.*

**Pretrial Publicity**

7

Defendant asserts that pretrial publicity warranted a change of venue. [Amended DS 6] However, Defendant concedes that this issue was not raised in the district court. [Amended DS 5; MIO 10] "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked . . . ." Rule 12-216(A) NMRA. For the reasons outlined in our discussion of Defendant's claim regarding exculpatory evidence, we decline to remand for an evidentiary hearing on this issue.

**Other Due Process Issues**

Defendant's amended docketing statement attempted to raise "[a]ny and all issues which would affect Defendant's right to a fair trial." [Amended DS 6] In our notice, we stated that as we were unable to determine what these issues were, we proposed to find no error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 ("There is a presumption of correctness in the [district court's] rulings. Accordingly, it is Defendant's burden on appeal to demonstrate any claimed error below[.]" (alteration in original) (internal quotation marks and citation omitted)). In Defendant's memorandum in opposition, he transforms this issue into a claim of cumulative error. [MIO 11-12] However, as we have found no error, there is no cumulative error.

**Motion to Amend the Docketing Statement**

Defendant seeks to amend his docketing statement to add a challenge to his habitual offender enhancement. [MIO 12-14] Defendant contends that his enhancement was improper because one of his prior convictions was based on a plea of no contest, which Defendant asserts is not an admission of guilt. [MIO 14] This argument is without merit. *See State v. Marquez*, 105 N.M. 269, 271-72, 731 P.2d 965, 967-68 (Ct. App. 1986) (holding that a prior conviction by plea of no contest can be used to enhance a sentence under New Mexico's habitual offender statute). Accordingly, we deny Defendant's motion to amend. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91 101 (Ct. App. 1989) (providing that a motion to amend will only be granted if the new issue is viable, among other requirements), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

9

_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**