# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number:** _____

**Filing Date:   December 1, 2016**

**NO. S-1-SC-35249**

**WILLIAM E. KIPNIS AND MARCI KIPNIS,**

     Plaintiffs-Respondents,

v.

**MICHAEL JUSBASCHE AND REBECCA MARK-JUSBASCHE,**

     Defendants-Petitioners.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Sarah C. Backus, District Judge**

The Simons Firm, L.L.P.
Thomas A. Simons, IV
Daniel H. Friedman
Santa Fe, NM

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward R. Ricco
Jocelyn C. Drennan
Albuquerque, NM

for Petitioners

John B. Pound, L.L.C.
John Bennett Pound
Santa Fe, NM

for Respondents

**OPINION**

**DANIELS, Chief Justice.**

{1} Rule 11-410 NMRA of the New Mexico Rules of Evidence provides that evidence of a nolo contendere plea made in settlement of a criminal proceeding is not admissible in a civil proceeding against the defendant who made the plea. *See* Rule 11-410(A)(2). Like the federal counterpart rule from which this rule was taken, the rule is meant to promote the efficient disposition of criminal cases because collateral use of pleas, as admissions of party-opponents under Rule 11-801 NMRA or as other evidentiary implications of guilt, would discourage resolution of criminal proceedings. The only exceptions provided by Rule 11-410 are where "another statement made during the same plea or plea discussions has been introduced, if in fairness both statements ought to be considered together" and "in a criminal proceeding for perjury or false statement." Rule 11-410(B).

{2} In this case, we consider whether evidence of a nolo plea is admissible in a civil case for misrepresentation where the plaintiffs sought to introduce a nineteen-year-old nolo plea of one defendant to support an argument that the defendant fraudulently failed to disclose his nolo plea during the formation of a joint business venture. We hold that evidence of the nolo plea is inadmissible under both the express terms and the underlying purpose of Rule 11-410(A)(2), and we affirm the district

court's grant of summary judgment on that basis. We reverse the contrary determination of the Court of Appeals.

## I. BACKGROUND

{3} In 2003, Defendants Michael Jusbasche and Rebecca Mark-Jusbasche formed a limited liability corporation (LLC) with Plaintiffs William and Marci Kipnis for the purpose of replacing the Hotel Edelweiss at the Taos Ski Valley with a modern condominium complex. As their part of the initial capital contribution, Plaintiffs deeded the hotel property and transferred the hotel liquor license to the LLC. Defendants contributed an initial capital infusion of $351,000, made loans of several million dollars to the LLC, and retained a fifty-one percent controlling interest. Although it was initially anticipated that the project would generate a three- to four-million-dollar profit, it became clear after a number of setbacks that the venture would not yield a profit, and Defendants, "having a majority share of the voting powers," dissolved the LLC in 2010. Simultaneously, the LLC under Defendants' control transferred several unsold residential units and two commercial units from the condominium development to Defendants for partial loan repayment at dissolution. The lawfulness of those repayment transfers is not before us in this proceeding.

{4} Plaintiffs filed suit for damages against Defendants, alleging fraud,

2

constructive fraud, intentional misrepresentation, and conversion, along with other claims no longer at issue. The thrust of these claims arises from a conversation Plaintiffs claim they had with Defendants prior to forming the LLC. Plaintiffs allege that in 2003 William Kipnis asked Defendants "if there was anything in their personal histories he should know about before going into a business relationship with them," and Defendants answered negatively. For purposes of summary judgment, Defendants conceded that the court could assume the correctness of Plaintiffs' version of that discussion.

{5}     In their summary judgment materials, Plaintiffs offered evidence that in 1984 Michael Jusbasche pleaded nolo contendere in a Texas court to theft of trade secrets for purportedly stealing a seismic prospect map from his former employer. Michael Jusbasche was placed in a Texas deferred adjudication program, required to pay a fine, and ordered to serve a five-year probationary period. Because he complied with the terms of the deferred adjudication, he was never convicted of any criminal offense. *See State v. Burk*, 1984-NMCA-043, ¶¶ 6-7, 101 N.M. 263, 680 P.2d 980 (recognizing that under Texas statute, a deferred adjudication is not deemed a conviction); *cf. State v. Harris*, 2013-NMCA-031, ¶ 6, 297 P.3d 374 (clarifying that successful completion of a conditional discharge pursuant to NMSA 1978, Section

31-20-13(A) (1994), New Mexico's deferred adjudication procedure, similarly does not result in a conviction). Plaintiffs have claimed throughout the litigation that Defendants committed fraud by failing to disclose Michael Jusbasche's plea of nolo contendere to the theft of trade secrets charge, alleging that had they known of it they would never have agreed to go into business with Defendants.

{6}     Defendants filed a motion for summary judgment arguing in relevant part, as a matter of law, that Rule 11-410(A)(2) categorically prohibited the admission of evidence of the nolo plea and surrounding circumstances. In response, Plaintiffs contended that whether Defendants had a duty to disclose the plea was a question of fact for a jury and that Rule 11-410 prohibits the admission of evidence of a nolo plea only when offered as an admission or proof of guilt but not for other purposes. Plaintiffs claimed that they did not seek admission of the plea to prove Michael Jusbasche committed the crime charged. Rather, they claimed that the plea was relevant "because knowledge of the plea itself, had [Plaintiffs] possessed it, would have prevented them from going into business with [Defendants]" and that the question of whether Michael Jusbasche was actually guilty played no role in the suit.

{7}     The district court ultimately granted summary judgment to Defendants, concluding "that Rule 11-410 precludes introduction of evidence concerning . . .

4

Michael Jusbasche's plea of nolo contendere . . . as a matter of law," thereby "leav[ing] Plaintiffs unable to prove a necessary element of their case." Plaintiffs appealed this decision to the Court of Appeals, stating in their docketing statement that "there was one issue in th[e] appeal" and that it was "purely legal in nature":

> Where the plaintiff in a civil suit seeks to prove that he was fraudulently deceived into entering into a business relationship by the defendant, and the deception was in the form of failure to respond honestly to a question which would reasonably elicit disclosure of a plea of no contest to a criminal charge of dishonesty in business, does Rule 11-410 bar the evidence of the plea?

{8} The Court of Appeals reversed the district court's grant of summary judgment, holding that Rule 11-410 "does not prohibit admission of the plea of nolo contendere and related judgment when they are not offered as proof of guilt." *Kipnis v. Jusbasche*, 2015-NMCA-071, ¶ 1, 352 P.3d 687. The court agreed with Plaintiffs' theory that the Texas nolo plea was admissible "not as evidence of guilt but as evidence of what Defendants failed to tell" Plaintiffs. *Id.* ¶ 27.

{9} We granted Defendants' Petition for a Writ of Certiorari to consider the proper interpretation and application of Rule 11-410 and its underlying policies.

## II. DISCUSSION

{10} We review de novo a district court's order granting or denying summary judgment. *See Potter v. Pierce*, 2015-NMSC-002, ¶ 8, 342 P.3d 54. In doing so, this

case requires us to interpret a provision of the New Mexico Rules of Evidence, a question of law we also review de novo. *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806. "When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes." *Id.*

{11}    We begin by "examin[ing] the plain language of the [rule] as well as the context in which it was promulgated, including the history of the [rule] and the object and purpose . . . ." *Moses v. Skandera*, 2015-NMSC-036, ¶ 15, 367 P.3d 838 (internal quotation marks and citation omitted). To assist in that process, New Mexico courts have concluded that federal interpretations of the Federal Rules of Evidence are instructive when interpreting identical provisions in our rules of evidence. *See State v. Torres*, 1998-NMSC-052, ¶ 13, 126 N.M. 477, 971 P.2d 1267 (relying on federal case law interpreting Fed. R. Evid. 804(b)(3) in analyzing the analogous New Mexico rule), *overruled on other grounds by State v. Alvarez-Lopez*, 2004-NMSC-030, 136 N.M. 309, 98 P.3d 699; *see also State v. Trujillo*, 1980-NMSC-004, ¶ 13, 93 N.M. 724, 605 P.2d 232 (recognizing that because New Mexico Rule 11-410 "was adopted verbatim from the federal version," the federal legislative history was "illuminating" to an analysis of the New Mexico rule).

**A.    The Language of Rule 11-410(A)(2) Plainly Prohibits Admissibility of a Nolo Plea Against the Pleader in Subsequent Proceedings**

6

{12}     Defendants urge that the Court of Appeals erred in holding evidence of Michael Jusbasche's nolo plea admissible under New Mexico Rule 11-410(A)(2), which provides that "[i]n a civil, criminal, or children's court case, evidence of [a nolo plea] is not admissible against the defendant who made the plea or participated in the plea discussions." *See also* Rule 5-304(F) NMRA ("Evidence of . . . a plea of no contest . . . is not admissible in any civil or criminal proceeding against the person who made the plea."). While the rule provides for two limited exceptions pertaining to admissibility of statements made in connections with pleas, neither exception is applicable here. *See* Rule 11-410(B).

{13}     This Court first interpreted Rule 11-410 in *State v. Trujillo* and held that Rule 11-410 barred admissibility of an incriminating statement made in connection with a plea negotiation to impeach the pleader in a subsequent criminal proceeding. 1980-NMSC-004, ¶¶ 3, 6 (concluding generally that the rule "excludes statements made in connection with plea negotiations *in any subsequent proceeding*" (emphasis added)). The Court reasoned that "the plain import of the language of Rule 410 [referring to the original promulgation of Rule 11-410] is to prohibit the admissibility of statements made during plea negotiations in any proceeding," noting that other rules of evidentiary exclusion that surround Rule 11-410, including Rules 11-407, 11-408,

7

11-409, and 11-411 NMRA, "contain express exceptions to the general rule of inadmissibility," with Rule 11-410 "stand[ing] out among these rules because it contains no language which limits its exclusionary effect" within its broad domain of any civil or criminal proceeding. *Id.* ¶ 17 (referring to the original promulgations of the New Mexico Rules of Evidence); *see, e.g.*, Rule 11-411 NMRA (prohibiting evidence that a person was or was not insured against liability to prove the person acted negligently, but allowing its admission "for another purpose"); *see also* Glen Weissenberger & James J. Duane, *Weissenberger's Federal Evidence* § 410.3 at 214 (7th ed. 2011) ("Rule 410[(a)](2) contains no hint that its categorical rule of exclusion has anything to do with the purpose for which the evidence is offered.").

{14}    The *Trujillo* Court also grounded its decision in the policy underlying Rule 11-410, recognizing that plea negotiations "are an essential part of our criminal justice system" and that "Rule 410 embodies the public interest in encouraging [plea] negotiations," thereby facilitating the speedy disposition of cases and mitigating burdens on an overloaded criminal justice system. *Trujillo*, 1980-NMSC-004, ¶ 18; *see also* 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 410.03[2] at 410-9 (Mark S. Brodin et al. eds., 2d ed. 2015) ("Rule 410's exclusion of offers to plead guilty (or nolo contendere) represents a substantive policy to

promote the disposition of criminal cases by compromise."). Considering this policy objective, the Court concluded that Rule 11-410 "clos[ed] the door on the admissibility of [statements surrounding plea negotiations] as evidence at trial for either substantive or impeachment purposes" and that "a weighing of conflicting policies demonstrates that the balance is tipped in favor of interpreting Rule 410 as the cloak of privilege around plea negotiation discussions." *Trujillo*, 1980-NMSC-004, ¶¶ 19, 21.

{15} The specific policy behind recognition of the nolo plea further supports excluding the plea itself as substantive evidence in subsequent litigation. In New Mexico, a nolo plea has the same effect as a guilty plea for the purpose of entering a judgment and sentence in the case in which the plea is entered, but unlike a guilty plea it is not an express or implied admission of factual guilt. *State v. Baca*, 1984-NMCA-056, ¶ 5, 101 N.M. 415, 683 P.2d 970 (holding that a revocation of probation could not be based on a conviction resulting from a nolo plea); *see also* NMSA 1978, § 30-1-11 (1963) (providing that a person can be convicted of and sentenced for a crime upon "a plea of nolo contendere, accepted and recorded in open court"). Literally meaning "I do not wish to contend," *Black's Law Dictionary* 1210 (10th ed. 2014) (defining nolo contendere), a nolo plea "has been viewed not as an express

9

admission of guilt but as a consent by the defendant that he may be punished as if he were guilty." *North Carolina v. Alford*, 400 U.S. 25, 35-36 & n.8 (1970).

{16} Because a nolo plea, unlike a guilty plea, has no probative value and is intended to encourage plea negotiations by avoiding collateral evidentiary consequences resulting from guilty pleas, Rule 11-410 specifically prohibits its evidentiary use in any further proceedings. *See* Weissenberger & Duane, *supra*, § 410.3 at 213 ("[T]he nolo contendere plea is 'inconclusive' and has less probative value than a plea of guilty as evidence of the guilt of the one who entered the plea." (footnote omitted) (citation omitted)). The advantage of the plea "is to avoid potential future repercussions which would be caused by the admission of liability, particularly the repercussions in potential future civil litigation." *Lichon v. Am. Universal Ins. Co.*, 459 N.W. 2d 288, 293 (Mich. 1990). "Without a guarantee that the plea would not be used against them, the nolo contendere plea would be of no value to the accused, and would accordingly lose any value to the system of justice in the promotion of plea bargaining." Weissenberger & Duane, *supra*, § 410.3 at 213.

**B.    Narrow, Judicially Created Exceptions to Rule 11-410 Are Inapplicable**

{17} The Court of Appeals in this case considered the *Trujillo* Court's construction of Rule 11-410 and acknowledged its broad exclusionary language but "decline[d]

to read into it a blanket prohibition" under the specific facts of this case, stating that "'it is universally agreed that this is one of those rare rules that can't mean what it says, for it would lead to absurd results if read too literally.'" *Kipnis*, 2015-NMCA-071, ¶ 18 (footnote omitted) (internal quotation marks omitted) (quoting Weissenberger & Duane, *supra*, § 410.3 at 214). The Court of Appeals opined that the *Trujillo* Court's policy considerations would not be "unduly hindered by"evidentiary admission of Michael Jusbasche's nolo plea in the context of this litigation. *Id.*

{18}     The *Trujillo* Court did not identify any pertinent federal or state cases, observing that similar evidentiary provisions in other jurisdictions were like the New Mexico rule: "of recent vintage and . . . not yet . . . under the judicial microscope." *Trujillo*, 1980-NMSC-004, ¶¶ 11-12. In the thirty-six years since *Trujillo*, many of the state and federal jurisdictions that recognize the nolo plea have had the opportunity to construe similar evidentiary provisions, resulting in case law that considers admitting evidence of a conviction predicated on a nolo plea in certain limited contexts "[d]espite Rule 410's apparent clear command." *Sharif v. Picone*, 740 F.3d 263, 268 (3d Cir. 2014).

{19}     While there is no universal agreement on the overall scope of judicial

exceptions to Rule 410, *see* Weissenberger & Duane, *supra*, § 410.3 at 212, all jurisdictions generally agree that evidence of both nolo pleas and convictions based on the pleas should be excluded "when offered as substantive evidence of the facts underlying the crime" or as an admission of guilt because of the policies underlying the use of the plea. *See* Weinstein et al., *supra*, § 410.06[3] at 410-14 & n.5 (listing cases where a judgment based on the nolo plea was excluded because it was being offered as an admission of guilt for the underlying crime charged). We have considered the authorities Plaintiffs cite to support their contention that Michael Jusbasche's nolo plea should be admissible in this case, and we conclude that they are not supportive.

{20}    In *Olsen v. Correiro*, for example, a civil rights plaintiff challenged a federal district court's decision to admit evidence of his prior conviction and sentence resulting from a nolo plea. *See* 189 F.3d 52, 55 (1st Cir. 1999). The plaintiff was initially convicted of first degree murder and sentenced to life imprisonment. *Id.* Five years later, the conviction was overturned. *Id.* Rather than face another trial, the plaintiff pleaded nolo contendere to a lesser charge of manslaughter, was convicted, and was sentenced to time served. *Id.* He brought a civil rights action seeking damages for the period of his "improper incarceration." *Id.*

12

{21} In affirming the district court's evidentiary ruling, the First Circuit reasoned that evidence of the conviction and sentence was not offered "to prove that [the plaintiff] actually committed manslaughter, or to suggest that he was actually guilty of a criminal act . . . [but] was primarily offered to counter [the plaintiff's] claim for incarceration-based damages by showing that he was incarcerated for something other than the murder conviction." *Id.* at 61. The court suggested that had the government offered the conviction and sentence for the purpose of demonstrating the pleader's guilt for the crime pleaded to, using the plea "in effect . . . as an admission," the purposes of Rule 410 would have been frustrated. *Id.* at 60.

{22} *United States v. Adedoyin*, 369 F.3d 337 (3d Cir. 2004), which Plaintiffs also cite, is equally instructive. In that case, a foreign national was ordered deported from the United States as a result of his felony conviction based on a nolo plea. *See id.* at 339. Several years later, he reentered the country using another name, falsely denying in his visa application that he had ever been convicted of a felony. *See id.* In a prosecution for that false denial, the Third Circuit affirmed the trial court's admission of a certified copy of defendant's conviction based on the nolo plea because it was not admitted for the purpose of establishing that the defendant committed the underlying crime charged but rather to show only that the denial in his visa

application of any felony convictions was false. *See id.* at 339, 344. In reaching its conclusion, the court acknowledged the "clear distinction between pleas of nolo contendere and convictions entered on the basis of such pleas," *id.* at 343, and determined that the nolo plea and resulting conviction were inadmissible for proving that the defendant was guilty of the crime in question but that "convictions based on pleas of nolo contendere are admissible to prove the fact of conviction" where the fact of a prior conviction may have other evidentiary value, *id.* at 344-45.

{23} The New Mexico Court of Appeals has similarly held that evidence of a conviction resulting from a nolo plea accepted and recorded in open court is admissible to prove that a defendant has a prior conviction for purposes of sentencing enhancement under the habitual offender statute. *State v. Marquez*, 1986-NMCA-119, ¶¶ 2, 7, 11, 105 N.M. 269, 731 P.2d 965. Relying on *Baca*, 1984-NMCA-056, the *Marquez* court distinguished between admission of a nolo plea itself and admission of a conviction based on the plea, not to establish an inference of guilt but to show the fact of conviction where that status is relevant. *Id.* ¶ 9. *Baca* had held that a nolo plea cannot "be used as the sole basis to revoke probation," reasoning that to hold otherwise would undermine "the policy of this [s]tate to promote plea bargaining." *See* 1984-NMCA-056, ¶¶ 1, 9. The *Marquez* Court suggested that if the state in *Baca*

had sought to introduce the conviction based on the plea rather than introducing the plea itself, the *Baca* Court might have reached a different result. *See Marquez*, 1986-NMCA-119, ¶ 9; *see, e.g.*, *Town of Groton v. United Steelworkers of Am.*, 757 A.2d 501, 509-11 (Conn. 2000) (holding that a public employer could discharge an employee as a result of a conviction for theft from the employer even though the conviction followed from a nolo plea).

{24}     While these authorities certainly support the recognition that a rigid interpretation of the exclusionary stance of Rule 11-410 is inappropriate, they do not support the position Plaintiffs take.

{25}     Each of these cases involved a conviction based on a nolo plea rather than a nolo plea in itself. Whether we might recognize a generalized distinction between inadmissibility of the nolo plea and admissibility of the conviction predicated on the plea is not before us in this case. *See, e.g.*, Weissenberger & Duane, *supra*, § 410.3 at 215 (suggesting that making a distinction between admission of a nolo plea and admission of a conviction resulting therefrom based on the rule's literal prohibition against admission of a "nolo contendere *plea*" without mentioning a "*judgment of conviction* based on that plea" would "reduce[] the rule to a meaningless nullity" because "Rule 410(a)(2) could be easily and thoroughly circumvented in *every* case"

15

by revealing the conviction without indicating it was based on a plea); *U.S. v. Nguyen*, 465 F.3d 1128, 1131 (9th Cir. 2006) ("Reading [Rule 410] to preclude admission of a nolo contendere plea but to permit admission of conviction based on that plea produces an illogical result." (italics omitted)).

{26} But we need not address the merits of the competing views on that issue because there was never a conviction that resulted from the nolo plea in this case. Plaintiffs seek only to admit evidence of Michael Jusbasche's nolo plea itself rather than a resulting conviction. Without exception, the plain language of Rule 11-410(A)(2) proscribes admission of the nolo plea itself as substantive evidence against the person who made the plea. Our own precedent and that of the overwhelming majority of jurisdictions construing similar provisions support this interpretation. *See, e.g.*, *Trujillo*, 1980-NMSC-004, ¶ 17 ("Rule [11-]410[(A)(2)] . . . contains no language which limits its exclusionary effect."); *Olsen*, 189 F.3d at 59 (stating that the relevant language of Rule 410 bars admission of the nolo plea itself); *Myers v. Sec'y of Health & Human Servs.*, 893 F.2d 840, 843 (6th Cir. 1990) (noting that Rule 410 and Fed. R. Crim. P. 11(e) prohibit the use of a nolo plea but not a conviction pursuant to such plea).

{27} Even those jurisdictions permitting the introduction of evidence of a conviction

16

predicated on a nolo plea instead of the plea itself often involve proceedings where the fact of the conviction had independent legal significance and was not being offered to create any inference of the pleader's guilt. *See* Wayne R. LaFave et al., 5 *Criminal Procedure* § 21.4(a) at 951-52 (4th ed. 2015) ("Judgment following entry of a nolo contendere plea is a conviction, and may be admitted as such in other proceedings where the fact of conviction has legal significance (e.g., to apply multiple offender penalty provisions . . . .)").

## C. The Purpose of Rule 11-410 Would Be Frustrated by Evidentiary Use of the Nolo Plea in This Case

{28}    Plaintiffs have acknowledged that Rule 11-410(A)(2) bars evidence of a nolo plea if offered to prove the defendant is guilty of the underlying charge, recognizing the strong public interest in encouraging plea bargains. But they argue that evidence of Michael Jusbasche's nolo plea would support their claim that Defendants withheld material facts, maintaining that "knowledge of the plea itself . . . would have prevented [Plaintiffs] from going into business with [Defendants]."

{29}    Despite their arguments to the contrary, Plaintiffs undoubtedly seek to introduce evidence of Michael Jusbasche's nolo plea as an implicit admission that he may have committed the offense to which he pleaded. His nolo plea would be relevant to Plaintiffs' claims of fraud and misrepresentation only if it supported some

17

inference of wrongdoing. Plaintiffs belie their own argument by conceding that information pertaining to Michael Jusbasche's nolo plea would "[o]f course" create a question in the factfinder's mind about whether Michael Jusbasche actually stole the proprietary maps from his former employer. They acknowledge, as the sole basis of their theory that Defendants materially misrepresented their fitness to engage in the joint business venture, the fact that Michael Jusbasche pleaded nolo contendere to a crime of dishonesty and did not defend himself rather than any factual finding of dishonesty by an independent court or other investigative source.

{30} The distinction Plaintiffs seek is a distinction without a principled difference. The attempted use of the nolo plea in this context necessarily depends on asking the factfinder to infer from the nolo plea alone that Michael Jusbasche may in fact have stolen property from the former employer and that if Plaintiffs had known that he may have done so they would not have gone into business with him. This use would not only violate the plain language of Rule 11-410(A)(2) prohibiting evidentiary use of nolo pleas but would also erode the policy objectives underlying the rule. Despite the best efforts of Plaintiffs to maintain that they are not attempting to use the nolo plea as a basis for an inference of wrongdoing, they inevitably are doing so. If Michael Jusbasche had committed no wrongdoing in connection with his prior employment,

18

there would have been no reason for Plaintiffs to be concerned about his background. Yet they offered nothing of any evidentiary value to imply any past wrongdoing other than the simple entry of the nolo plea itself.

{31} We conclude that Rule 11-410(A)(2) barred admission of Michael Jusbasche's nolo plea in the circumstances of this case, and we affirm the district court's grant of summary judgment in Defendants' favor on this ground. We need not reach any other issues.

## III. CONCLUSION

{32} We reverse the decision of the Court of Appeals and affirm the district court's grant of summary judgment.

{33} **IT IS SO ORDERED.**

_____
**CHARLES W. DANIELS, Chief Justice**

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Justice**

19

_____
**EDWARD L. CHÁVEZ, Justice**


_____
**BARBARA J. VIGIL, Justice**


_____
**JUDITH K. NAKAMURA, Justice**

20