This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38837

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BENNY MANZANARES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2019-002, effective October 1, 2019. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's amended judgment and sentence for a plea to non-aggravated driving while intoxicated (DWI). Defendant argues that (1) with regard to five of the seven prior convictions used to enhance his sentence, he was unrepresented by counsel rendering the priors invalid, and (2) that five of his prior convictions were invalid as the documentation of his prior pleas does not reflect he intended to plead guilty or understood the ramifications for doing so. [BIC 3-4] "In determining whether the evidence supports a criminal charge, this Court views the evidence in the light most favorable to the State." *State v. Sedillo*, 2001-NMCA-001, ¶ 6, 130 N.M. 98, 18 P.3d 1051. "The State bears the initial burden of establishing a prima facie case of a defendant's previous convictions." *Id.* ¶ 5. "The defendant is then entitled to bring forth contrary evidence." *Id.*

**{3}** With regard to Defendant's first issue, the State presented certified copies of conviction-related documents that reflected Defendant had requested and received counsel at all the contested prior convictions. [BIC 2, 3] Defendant acknowledges in his brief that "the documentation submitted by the State does indicate that [Defendant] was represented by counsel in the proceedings leading to each conviction" and provides no basis upon which this Court should conclude otherwise. [BIC 3] Accordingly, and after review of the relevant portions of the record, we conclude the district court did not err in so finding. [Exh. 1-6] Therefore, we affirm as to this issue.

**{4}** As to Defendant's second issue, we have previously concluded that "certified copies of prior guilty pleas [are] sufficient proof of convictions for the purpose of habitual offender enhancement." *Sedillo*, 2001-NMCA-001, ¶ 8. A defendant is considered convicted of the prior crime at the time he entered, and the judge accepted, a plea. *See State v. Castillo*, 1987-NMCA-036, ¶ 4, 105 N.M. 623, 735 P.2d 540. "It is the fact of a prior conviction . . . that is dispositive." *Id.* "A plea of guilty constitutes a legal conviction within the meaning of the habitual offender legislation." *Id.* ¶ 7. In the present case, the State showed the fact of each of the prior convictions by the introduction of certified copies of the convictions. As this is all that was required by our case law, *see Sedillo*, 2001-NMCA-001, ¶¶ 5-6; *Castillo*, 1987-NMCA-036, ¶ 4, we affirm as to Defendant's second issue as well.

**{5}** Based on the foregoing, we affirm Defendant's conviction.

**{6} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**ZACHARY A. IVES, Judge**