This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39730**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**CALVIN ETCITTY,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2019-002, effective October 1, 2019. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}**     Following a jury trial, Defendant appeals from the district court's judgment and sentence for aggravated driving while intoxicated (DWI) (8th or subsequent offense) and not wearing a seat belt. Defendant argues that (1) two of the seven prior convictions used to enhance his sentence for DWI are invalid because their documentation does not reflect an intention to plead guilty or that Defendant understood the consequences of doing so [BIC 7-9]; and (2) that his twelve year sentence was cruel and unusual in violation of due process [BIC 9-12].

**{3}**     "In determining whether the evidence supports a criminal charge, this Court views the evidence in the light most favorable to the state." *State v. Sedillo*, 2001-NMCA-001, ¶ 6, 130 N.M. 98, 18 P.3d 1051. "The [s]tate bears the initial burden of establishing a prima facie case of a defendant's previous convictions." *Id.* ¶ 5. "The defendant is then entitled to bring forth contrary evidence." *Id.*

**{4}**     With regard to Defendant's first issue, we have previously concluded that "certified copies of prior guilty pleas [are] sufficient proof of convictions for the purpose of habitual offender enhancement." *Id.* ¶ 8. A defendant is considered convicted of the prior crime at the time he entered, and the judge accepted, a plea. *See State v. Castillo*, 1987-NMCA-036, ¶ 4, 105 N.M. 623, 735 P.2d 540. "It is the fact of a prior conviction . . . that is dispositive." *Id.* "A plea of guilty constitutes a legal conviction within the meaning of the habitual offender legislation." *Id.* ¶ 7. In the present case, the State showed the fact of each of the prior convictions by the introduction of certified copies of the criminal complaint, Defendant's waiver of counsel in each case, and the final order or judgment and sentence reflecting an adjudication of guilt for each prior conviction. [BIC 2-6] As our case law does not require anything more than this, *see Sedillo*, 2001-NMCA-001, ¶¶ 5-6; *Castillo*, 1987-NMCA-036, ¶ 4, we affirm as to Defendant's first issue.

**{5}**     As to Defendant's second issue, Defendant asserts that he may raise this issue for the first time on appeal pursuant to *State v. Sinyard*, 1983-NMCA-150, 100 N.M. 694, 675 P.2d 426. [BIC 10] However, *Sinyard* does not apply to a claim that a sentence is cruel and unusual and such a claim may not be raised for the first time on appeal. *See State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896 (distinguishing *Sinyard* and holding that "a sentence authorized by statute, but claimed to be cruel and unusual punishment under the state and federal constitutions, does not implicate the jurisdiction of the sentencing court and, therefore, may not be raised for the first time on appeal"). Accordingly, because Defendant's sentence was authorized by statute, *see* NMSA 1978, Section 66-8-102(K) (2016), he may not now raise for the first time his claim that his sentence was cruel and unusual. *See Chavarria*, 2009-NMSC-020, ¶ 14.

**{6}**     Based on the foregoing, we affirm.

**{7}**     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**